PAUL ALAN LEVY
(pro hacvice to be sought)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, D.C. 20009
Telephone: (202) 588-7725
plevy@citizen.org

PHILLIP R. MALONE
California Bar No. 163969
JUELSGAARD INTELLECTUAL PROPERTY AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 725-6369
pmalone@stanford.edu

JEF PEARLMAN
California Bar No. 254759
INTELLECTUAL PROPERTY AND TECHNOLOGY LAW CLINIC
USC Gould School of Law
699 Exposition Blvd.,
Los Angeles, California 90089-0071
(213) 740-7613
jef@law.usc.edu

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (Western Division)

| | |
|---|---|
| BRIAN J. KRUEGER, | |
| Plaintiff, | Civil Action No. 2:20-cv-7083 |
| v. | **COMPLAINT FOR DECLARATORY RELIEF** |
| ADLIFE MARKETING AND COMMUNICATIONS CO., INC., | |
| Defendant. | |

**NATURE OF THE ACTION**

1. This action for declaratory relief is brought against AdLife Marketing and Communications Co., Inc. In approximately 2001, defendant caused the creation of a photograph of fresh produce (the "Produce Photograph"). It placed the photograph in a database made available to grocers and other businesses that use photographs of food to sell their wares.

2. Plaintiff Brian J. Krueger created and maintains an Internet platform called

LabSpaces.net, as a forum to host and enable scientific discussion. In 2013, a blogger posted on LabSpaces.net a deeplink to defendant's Produce Photograph to discuss the ways in which grocers present their wares to induce shoppers to buy more of their fruits and vegetables.

3. Beginning in June 2020, defendant's agent sent plaintiff a demand letter and then a series of emails accusing plaintiff of copyright infringement based on the blogger's post, threatening to sue plaintiff for such infringement, and demanding that plaintiff pay thousands of dollars to avoid having such a lawsuit filed.

4. Plaintiff was not aware of the posting until he received the letter from defendant's agent in June 2020. After the initial demand letter alerted plaintiff to the posting, plaintiff removed the link to the Produce Photograph from LabSpaces.net, and also explained to defendant's agent that a third-party forum user had posted the link, without the plaintiff's knowledge or involvement, and hence that plaintiff was not liable for copyright infringement.

5. Despite these facts and plaintiff's explanation, defendant has persisted in its claim that plaintiff has infringed defendant's copyright and has continued to demand payment, repeatedly threatening to file suit if payments are not made promptly. Defendant is claiming actual damages based on its standard licensing formula, under which subscribers get permission to use any and all of defendant's photographs for $999 per month. On information and belief, the market value of the single photo that plaintiff is claimed to have infringed is under $100.

6. Accordingly, plaintiff now asks the Court for a judgment declaring that he is not liable for thousands of dollars in damages for copyright infringement.

**PARTIES**

7. Plaintiff Brian J. Krueger is an individual who lives in Chapel Hill, North Carolina.

8. Defendant AdLife Marketing and Communications Co., Inc., is a Rhode Island corporation whose headquarters is in Pawtucket, Rhode Island. As relevant here, defendant

has acted through an agent located in Santa Ana, California.

**JURISDICTION AND VENUE**

9. A definite, substantial and concrete controversy exists within this Court's jurisdiction between the parties concerning plaintiff's and defendant's rights under the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"). Defendant, through its agent and counsel based in Santa Ana, California, has expressed an intention to commence litigation against plaintiff over plaintiff's alleged infringement of the copyright in one of defendant's photographs.

10. This action for a declaratory judgment arises under the Copyright Act and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over the defendant because it employed a California law firm, Higbee and Associates, as its agent to search the Internet for unauthorized uses of its photographs and to send demand letters and threats seeking to collect money from alleged infringers. On information and belief, defendant sells licenses for the use of its photographs to firms all over the United States, including in California.

12. Venue is proper in this Court under 28 U.S.C. § 1400(a) because defendant and its agent, Higbee and Associates, may be found in this district.

**FACTUAL BACKGROUND**

13. Plaintiff Brian J. Krueger is a molecular biologist who is currently employed as an associate director for research and development by a medical testing company. In 2005, while he was in graduate school, he founded a web site at LabSpaces.net, to serve as a social network for the scientific community. The web site contains discussion threads addressed to several different scientific disciplines, each of which featured further discussion threads on many different topics within that discipline. In 2011, LabSpaces.net created a blogging platform that enabled scientists to host their own blogs.

14. Hosting was available to anyone who wanted to create a blog. At its height, there were 36 active bloggers on LabSpaces; they posted on different topics, from reviewing and

dissecting scientific literature to writing about their experiences as graduate students or scientists. In addition to the blogs, universities and other institutions could log in to post press releases. However, after Krueger began running a genome-sequencing program for Duke University in November, 2012, he had less time to maintain the site actively, although he did not take down the content that had been posted.

15. In 2013, a blogger on the site posted a five-part series of blog articles entitled "How stores trick our senses to make us buy more." Part 2 of the series was entitled "Sight," and gave several practical examples in explicating an article in the Journal of Neuroscience. The author discussed several images in the article. One of her examples noted that in grocery stores "we're bombarded with beautiful, fresh produce, setting the tone for the rest of our beautiful, fresh shopping trip." Next to these words, users were directed to defendant's Produce Photograph via a deeplink to the photograph as it appeared on blogspot.com, a location over which plaintiff had no control.

16. A deeplink is a hyperlink to another web site that allows viewers of the forum to see the photograph within the forum by "pulling" the image directly from the non-LabSpaces server where it is hosted, so that it is displayed to the viewers' personal devices.

17. Here, the other site is blogspot.com, which is unrelated to LabSpaces.net and not subject to its control. The embedded hyperlink, posted in 2013, allowed viewers of the article to see the Produce Photograph on their own personal devices; no copy of the defendant's Produce Photograph was ever posted, hosted, or maintained on the server for LabSpaces.net.

18. Plaintiff did not post this link, and he was unaware of the link until defendant's Santa Ana counsel wrote to him in June 2020 about the photograph.

19. Plaintiff did not encourage or participate in any way in the placement of the hyperlink to the Produce Photograph on the LabSpaces.net blog, and has derived no financial benefit from the posting.

20. On information and belief, the photograph was taken in 2001. Copyright in the

photograph was not registered until September, 2016.

21. The LabSpaces.net web site required users to register as a condition of posting. Users had to agree to LabSpaces.net's terms of service, which included that the registrant "represent, warrant and covenant that: (a) you shall not upload, post or transmit to or distribute or otherwise publish through LabSpaces.net any materials which . . . (iii) constitute or encourage conduct that would constitute a criminal offense, give rise to civil liability or otherwise violate law, [or] (iv) violate, plagiarize or infringe the rights of third parties including, without limitation, copyright, trademark, patent, rights of privacy or publicity or any other proprietary right."

**DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY**

22. By a letter dated June 18, 2020, and emails dated June 18, June 19, June 24, July 1, and July 6, defendant's agent, the Higbee law firm, repeatedly claimed that plaintiff was infringing defendant's copyright because the Produce Photograph had been linked from the LabSpaces.net web site. Defendant's agent demanded payment of $2,525, and threatened to bring him "before a judge" to answer for his alleged wrongdoing. In one of the threatening communications, a "Compliance Resolution Specialist" from the Higbee firm told Krueger that defendant licenses access to its photographs for "$999 per month, with a minimum contracted rate of 12 months," implicitly making the $2,525 demand seem to be a bargain. Defendant's agents invited plaintiff to contact them to negotiate a settlement. The letter and the emails are attached as Exhibit A.

23. Plaintiff quickly explained to defendant's agents at the Higbee firm that he did not place the deeplink on the blog, that he never hosted the photograph on his own server and has no control of what materials are hosted on the server where the Produce Photograph was maintained, that the blogger's link to the photograph was fair use, and that, in any event the fair market value of the allegedly infringing use of this one photograph is far less than $999 per month. Defendant has stated through its Santa Ana agent that it disputes each of these objections to its copyright claim.

24. Defendant has not withdrawn its threat to sue for copyright infringement. To the

contrary, defendant has persisted in threatening copyright litigation.

25. Plaintiff believes that the deeplink to the Produce Photograph that a LabSpaces.net blogger included in her blog article does not violate defendant's copyright, and in any case does not constitute infringement for which plaintiff would be responsible, and plaintiff desires to continue to allow forum users to use deeplinks to images related to their posts. However, given defendant's ongoing and serious threats of litigation seeking damages, even after plaintiff removed the deeplink to defendant's photograph from the blog post, plaintiff feels compelled to bring this action to obtain a judicial declaration of non-infringement.

**CAUSE OF ACTION**

26. A justiciable and actual controversy exists by way of defendant's credible threat of immediate litigation seeking damages from the plaintiff.

27. Plaintiff is entitled to a declaratory judgment that he is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by defendant based on the posting of a deeplink to the Produce Photograph by a blogger using LabSpaces.net as a blogging platform.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for relief against defendant as follows:

A. Declare that the posting (or restoration thereof) to plaintiff's blogging platform of a deeplink to a server where defendant's photograph was displayed, where that deeplink enabled readers of the blog to view the photograph, was not copyright infringement;

B. Declare that the blogger's posting was not infringement for which plaintiff is legally liable in the absence of plaintiff's volitional acts or direct financial benefit from the alleged infringement;

C. Declare that the blogger's posting of a link to defendant's photograph was fair use;

D. In the alternative, declare that defendant's actual damages from the alleged infringement must be calculated based on the fair market value of the allegedly infringing

use, not on the cost of a monthly license for defendant's database;

  E. Award plaintiff's costs and attorney's fees against defendant as allowed by law; and

  F. Grant such other or further relief as allowed by law and the Court deems appropriate.

DATED: August 6, 2020

PUBLIC CITIZEN LITIGATION GROUP  
1600 20th Street NW  
Washington, D.C. 20009

By: /s/ Paul Alan Levy  
  (pro hac vice to be sought)  
  Telephone: (202) 588-7725  
  plevy@citizen.org

JUELSGAARD INTELLECTUAL PROPERTY AND INNOVATION CLINIC  
Mills Legal Clinic at Stanford Law School  
Crown Quadrangle, 559 Nathan Abbott Way  
Stanford, California 94305-8610

By: /s/ Phillip R. Malone  
  California Bar No. 163969  
  Telephone: (650) 725-6369  
  Facsimile: (650) 725-0253  
  pmalone@stanford.edu

INTELLECTUAL PROPERTY AND TECHNOLOGY LAW CLINIC  
USC Gould School of Law  
699 Exposition Boulevard  
Los Angeles, California 90089-0071

By: /s/ Jef Pearlman  
  California Bar No. 254759  
  (213) 740-7613  
  jef@law.usc.edu