# EXHIBIT A

# Higbee & Associates
A NATIONAL LAW FIRM

June 18, 2020
Verification #: 555969

Dear Brian Krueger,

    We represent the photographer Adlife Marketing & Communications Co., Inc., who is a professional photographer that licenses images to make a living. We noticed that the work of Adlife Marketing & Communications Co., Inc. is being displayed on a website that we believe you either own or operate (See Exhibits).  Further, we could not locate any records that indicate that you have a license for such use.

    Please let us know if you have a license and provide any proof that you have to support the claim.  You can simply email us at cr.license@higbeeassociates.com or you can call us at (800) 716-1245.

If you do have a license, we sincerely thank you for properly licensing the work of  Adlife Marketing & Communications Co., Inc. and please forgive the disruption.  Our verification efforts help customers like you by keeping prices down while keeping talented photographers, like Adlife Marketing & Communications Co., Inc., in business.

    If you do not have a license, please contact us at claims@higbeeassociates.com or call us at (800) 716-1245 to resolve the matter.  Please reference verification #555969. We need to know how the image(s) came to be on your website to discuss compensating Adlife Marketing & Communications Co., Inc. for the time of infringement and costs that have been incurred as a result of the use of the image(s).

    If we do not hear from you within 10 days, we will assume that you do not have a license. Thank you very much.
Sincerely,

Evan McMurtrey
License Verification Department
The Law Firm of Higbee & Associates

Claim number: 555969

# Higbee & Associates
A NATIONAL LAW FIRM

## EXHIBIT A



Image Name: ProduceVegetableAsst012

## Webpages:

- http://www.labspaces.net/view_blog.php?blogID=1614
- http://www.labspaces.net/blog/1614/How_stores_trick_our_senses_to_make_us_buy_more__Part___of____Sight_

## File Locations:

- http://4.bp.blogspot.com/-461bfdxqvY8/UOZF93qiBwI/AAAAAAAABfI/K_vxq4qsd24/s1600/produce.jpeg
- http://4.bp.blogspot.com/-461bfdxqvY8/UOZF93qiBwI/AAAAAAAABfI/K_vxq4qsd24/s1600/produce.jpeg



Claim number: 555969

From: Theodore Sell <tsell@higbeeassociates.com>
Date: Mon, Jul 6, 2020, 2:16 PM
Subject: Re: 555969 - Copyright - LabSpaces.net - Adlife Marketing & Communications Co. Inc.
To: Brian Krueger <brian.j.krueger@gmail.com>
Cc: Brynne Haymaker <bhaymaker@higbeeassociates.com>

Mr. Krueger,

As your response does not contain either a good-faith counteroffer or a cognizant and reasonable legal analysis, I am advising our client of its need to file a complaint in this matter to gain resolution.

Theodore (Ted) W. Sell, Esq.
Colorado Bar No. 44157
Attorney at Law - Copyright Division
Law Firm of Higbee & Associates
1504 Brookhollow Dr. Suite 112
Santa Ana, CA 92705
mailto:tsell@higbeeassociates.com
Phone: (657) 229-6215

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.


On Jul 2, 2020, at 6:40 AM, Brian Krueger <brian.j.krueger@gmail.com> wrote:

Hey Ted,

**Would $26 get it done? No, but seriously, your email was hilarious because I'm** sure you're not used to dealing with people that have the means and the knowledge to defend themselves against your nonsense. Given what I do for a living, I have a fair amount of experience dealing with intellectual property issues and intellectual property counsel. Quick recap though since I know you're busy extorting multiple people before the holiday and it's clear you're not paying attention.

1) I did not post this content, nor was it ever on my server. I deleted the in-line link on the user's original post within 1 hour of notification of possible infringement. I do not own Blogspot, Google does. You really do this for a living? Because while you're at it, you might want to ask them to delete the 1000+ other instances of this image on their servers. It would reduce the number of people you have to troll though? As I'm sure you know, honey pots only work when you keep them live.

2) You could not even sue the user, because there IS a good case for fair use here. I shouldn't have to make this argument for her, but if we're going to court anyway, I might as well.

3) DMCA safe harbor exists for a reason. If I didn't let my registration lapse you'd probably stop harassing me. Although based on these interactions, you might not, because it doesn't seem that you actually care about going after people with any culpability or legal liability. If you can scare someone

enough to call your intern phone bank and cough up a couple hundred bucks, that's a win, no matter how unethical the means.

Finally, I'm pretty certain I'm not the one that should avoid bringing this in front of a judge. This case could be quite embarrassing for your client, not to speak of for Higbee and Associates. But, I will wait patiently to see the complaint you have in mind to file, unless you think $27 stops Higbee emails from clogging my inbox? $28?

Sincerely,

Brian Krueger, PhD

From: Theodore Sell <tsell@higbeeassociates.com>
Date: Wed, Jul 1, 2020 at 11:57 AM
Subject: Re: 555969 - Copyright - LabSpaces.net - Adlife Marketing & Communications Co. Inc.
To: Brian Krueger <brian.j.krueger@gmail.com>
Cc: Brynne Haymaker <bhaymaker@higbeeassociates.com>

Brian,

Interesting that while arguing indirectly liability from *VHT*, you then ignore the overturning of the precedent set in *Perfect 10*. Simply put, is your website a search engine? No, of course not. As such, the use is not Fair.

What our bots found was an unlawful use of the property of our our client, the copyright infringement. There is nothing unethical about protecting our client's property; there is, however, much morally, ethically, and legally wrong with using the property of others without permission, which *is* what has and is occurring here.  This is not trolling by any reasonable standard and those who have used the term in relation to this firm and our clients are copyright thieves, so their opinions are meaningless.

By the way, if your network ceased activity in 2015, why was the infringement found just last month?

$25.52 being a wholly inadequate counteroffer for a release to be provided, it was declined. Should a reasonable, realistic counteroffer be suggested, our client will be willing to consider it.  In the meantime, the ongoing copyright infringement demands attention as the infringing copy is maintained yet still: http://4.bp.blogspot.com/-461bfdxqvY8/UOZF93qiBwI/AAAAAAAABfI/K_vxq4qsd24/s1600/produce.jpeg



If you wish to avoid answering to a federal judge why you thought the ongoing infringement is justified, I suggest it be deleted and reasonable counteroffer communicated.

Theodore (Ted) W. Sell, Esq.
Colorado Bar No. 44157
Attorney at Law - Copyright Division
Law Firm of Higbee & Associates
1504 Brookhollow Dr. Suite 112
Santa Ana, CA 92705
**mailto:tsell@higbeeassociates.com**
Phone: (657) 229-6215

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.

On Jun 29, 2020, at 5:00 AM, Brian Krueger <brian.j.krueger@gmail.com> wrote:

Hi Ted,

Thank you for your reply. It's pretty cool you ignored the relevant part of VHT Inc vs Zillow, 918 F.3d 723 (9th Cir. 2018). The relevant finding being that Zillow was not responsible for the independent actions of its employees because it did not direct the employees, or users, to infringe on the majority of the content from VHT. Sound familiar?

Deep linking as argued in Perfect 10 v Amazon, 508 F.3d 1146 (9th Cir. 2007) is actually a reasonable fit. Your client's image was an inline embed, 14% the original size, and 300x205px, that's thumbnail territory.  It's had a rough couple of years outside of the 9th circuit though, I'll give you that. But this argument is irrelevant in light of the above.

The entire purpose of section 512c of the DMCA is to prevent frivolous copyright claims like this one from ever being argued in court (You think maybe law makers predicted your business model??). Despite the fact that I do not have safe harbor protection under DMCA, there is an enormous amount of case precedent working against you on this one. Because there is no way that the volitional argument loses here.  If Zillow can't be held responsible for the actions of the people they paid as employees ("infringing" like what, 22,000+ images?), it's hard to believe I'm going to be held responsible for the actions of a website user who allegedly infringed 1 image and indemnified me from their actions when they signed up for an account.

Finally, since you want to talk about good faith, let's talk about good faith. Good faith is recognizing your bots picked a loser and walking away.  Good faith is going to the website in question, seeing it's an educational social network that ceased activity in 2015, and deciding this isn't worth anyone's time beyond asking the owner to take the image down.  And good faith is not trying to extort a website owner who you KNOW has no liability for the independent actions of a user. You know why Higbee and Associates are considered copyright trolls? Rhetorical question. Of course you do.  It's because you guys do bullshit like this sometimes. And all of the artists and photographers you protect, all of the good work you ACTUALLY do, gets colored by these unethical shakedowns of 0 traffic websites, teen bloggers with no following that don't know any better, and website owners who have no culpability.

My good faith settlement offer is going to be in line with your client's opener: $25.52, no NDA. That is the market value of a single, extra small, picture of produce.

Sincerely,

Brian Krueger, PhD

From: Theodore Sell <tsell@higbeeassociates.com>
Date: Wed, Jun 24, 2020 at 1:24 PM
Subject: Re: 555969 - Copyright - LabSpaces.net - Adlife Marketing & Communications Co. Inc.
To: Brian Krueger <brian.j.krueger@gmail.com>
Cc: Brynne Haymaker <bhaymaker@higbeeassociates.com>

Mr. Krueger,

Understanding *VHT v. Zillow* as the current precedent and that it directly addressed thumbnails and linking, citing *Perfect 10 v. Google* makes little sense.

Putting that aside for the moment, it remains that such HTML linking allows an infringing image to appear for a user, which raises "contributory liability issues". *Perfect 10, Inc. v. Amazon.Com, Inc.*, 508 F.3d 1146, 1161 (9th Cir. 2007), citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30; *A M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001). On that basis, there is reason to consider this infringement actionable as "…liability should not hinge on invisible, technical processes imperceptible to the viewer."  *Goldman v. Breitbart News Network, LLC*, 302 F.Supp.3d 585, 595 (S.D.N.Y. 2018), citing *American Broadcasting Cos., Inc. v. Aereo, Inc.*, 573 U.S. 431, 134 S.Ct. 2498, 189 L.Ed.2d 476 (2014).

However, with the infringing use having cease, our client is willing to negotiate a reasonable settlement and invites you to make a good-faith counteroffer.

Theodore (Ted) W. Sell, Esq.
Colorado Bar No. 44157
Attorney at Law - Copyright Division
Law Firm of Higbee & Associates
1504 Brookhollow Dr. Suite 112
Santa Ana, CA 92705
mailto:tsell@higbeeassociates.com
Phone: (657) 229-6215

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much.

From: Brian Krueger <brian.j.krueger@gmail.com>
Date: Mon, Jun 22, 2020 at 3:26 PM
Subject: Re: 555969 - Copyright - LabSpaces.net - Adlife Marketing & Communications Co. Inc.
To: Brynne Haymaker <bhaymaker@higbeeassociates.com>
Cc: Theodore Sell <tsell@higbeeassociates.com>

Hi Brynne, Theodore,

I find it interesting you keep implying that I violated your client's copyright. I did not.  I did not post this material, I did not direct the user to post this material, and more importantly, in doing so, the user

violated the terms of service of my website which explicitly state:

(6) You represent, warrant and covenant that: (a) you shall not upload, post or transmit to or distribute or otherwise publish through LabSpaces.net any materials which (i) restrict or inhibit any other user from using and enjoying LabSpaces.net, (ii) are unlawful, threatening, abusive, libelous, defamatory, obscene, vulgar, offensive, pornographic, profane, sexually explicit or indecent, (iii) constitute or encourage conduct that would constitute a criminal offense, give rise to civil liability or otherwise violate law, (iv) violate, plagiarize or infringe the rights of third parties including, without limitation, copyright, trademark, patent, rights of privacy or publicity or any other proprietary right, (v) contain a virus or other harmful component, (vi) contain any information, software or other material of a commercial nature, (vii) contain advertising of any kind, or (viii) constitute or contain false or misleading indications of origin or statements of fact; and (b) that you are at least eighteen (18) years old.

You can find the Use Agreement here: http://www.labspaces.net/use_agree.php - This has not changed since the inception of the website in 2005.  You can WayBack Machine to 2013 if you'd like.

About the only reason you can continue harassing me about this is that my registration with the copyright office lapsed in 2017 when the DMCA switched to an electronic database. I am still covered by the above, and case precedent set forth by VHT Inc vs Zillow, 918 F.3d 723 (9th Cir. 2018).

You may be correct that Perfect 10 v Google will not protect the posting of this image by the user. A number of recent high profile cases suggest embedding and linking is only relevant to search results. But the above certainly makes it hard for you to claim I personally violated your client's copyright and the mere fact that the website was non-commercial, negative profit, educational and the image was used to illustrate a scientific phenomena makes a strong case for fair-use.  The sheer abundance of your client's photo on the internet torpedoes any argument you have about demanding a $2500 license or that posting on my website somehow impacted its value.  Photos with far lower market penetration of similar composition and quality trade for $5-50. The image in question is unremarkable in its content and provenance and would not ever result in a judgement above two figures.  Most importantly, that is all that you and your client would be due. A REASONABLE Licensing fee. No damages. No lawyers fees.

The image has been removed. Please stop harassing me.  I consider this matter resolved.

Sincerely,

Brian Krueger, PhD


From: Brynne Haymaker <bhaymaker@higbeeassociates.com>
Date: Fri, Jun 19, 2020, 5:07 PM
Subject: Re: 555969 - Copyright - LabSpaces.net - Adlife Marketing & Communications Co. Inc.
To: Brian Krueger <brian.j.krueger@gmail.com>
Cc: Theodore Sell <tsell@higbeeassociates.com>


Dear Mr. Krueger,

I have cc'd my supervising attorney, Mr. Theodore Sell, on this email for your reference. Mr. Sell would

like to follow up with you directly regarding your assertions on the Perfect 10 v. Amazon case.

We are well aware of the blogs written about our firm. Often people who are caught taking intellectual property without authorization, get upset when they have to face repercussions. For your reference, it is easy to verify that we are a well-established, licensed law firm. We have an A+ rating from the Better Business Bureau. You can see that at:
**https://www.bbb.org/us/ca/santa-ana/profile/lawyers/higbee-associates-1126-100071532**

You can also search the California Secretary of State's website at:
**https://businesssearch.sos.ca.gov/**

Please also reference the link below that shows the hundreds of lawsuits we have helped our clients file on people who take the property of others and refuse to compensate the creator:
**https://www.courtlistener.com/?type=r&q=&type=r&order_by=score+desc&atty_name=Mathew+Higbee**

No one has forced you to use intellectual property on your website without authorization. Therefore, your claim of "trolling" makes no logical sense. Please speak with a reputable Copyright attorney to assist you in your understanding of Federal Copyright law. You can also view a video put out by the US Copyright Office to help you understand how Copyright infringement occurs (**https://www.youtube.com/watch?v=F_8hKfVgwzg**).

For your reference, our client licenses their images on their website, **www.preparedfoodphotos.com**, on a subscription-based rate for $999 per month, with a minimum contracted rate of 12 months. You can find our client's image at the following location: **https://preparedfoodphotos.com/Food-Stock-Photography/5420/Assorted-Fruit-and-Vegetable-Produce.html**

Please be advised that this claim is not closed, despite your statement that it is. It is still active and will proceed accordingly.


Thank you,

Brynne Haymaker
**bhaymaker@higbeeassociates.com**
Claims Resolution Specialist
Copyright Division

Claims Resolution Specialists are non-attorney staff members who assist attorneys in resolving copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Law Offices of Higbee & Associates ( **http://www.HigbeeAssociates.com** )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (657) 229 - 6210
Fax: (714) 597-6559



CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On Jun 19, 2020, at 1:45 PM, Brian Krueger <brian.j.krueger@gmail.com> wrote:

Hi Brynne,

I have consulted my legal counsel in this matter.

The copyright registration date is three years after the image was embedded in the blog post and you cannot claim statutory damages and must instead prove that $2,500 represents a reasonable licensing fee. I have removed the link to the image and I consider the matter resolved. You have no claim against me because the image was never on my server, but was instead linked from another server, who presumably had the authority to display the image. In view of those facts, your claim does not pass the "server test" as applied by the Court of Appeals for the Ninth Circuit in a case called Perfect 10 v. Amazon. There, Google did not infringe a photographer's copyright when images were displayed in the Google search results. The linked images were still on the server of a party that was entitled to display the photograph. Under the server test, liability for copyright infringement requires displaying and distributing the image from your own server. Here, in my case, I infringe the copyright only if I hosted the image and physically transmitted the content.

That case is linked here, along with a link to a website that talks about your firm as a Copyright troll:

- Here is a link to the case on Wikipedia: **https://en.wikipedia.org/wiki/Perfect_10,_Inc._v._Amazon.com,_Inc.**
- Here is a link to a helpful website: **https://pubcit.typepad.com/clpblog/2019/02/consumer-warning-copyright-trolling-by-higbee-and-associates.html**

In summary, I have removed the link to the image and, as stated previously, I consider the matter resolved. There is no basis for liability here as the image was never on my server.

Thank you,

-Brian

On Fri, Jun 19, 2020 at 11:02 AM Brynne Haymaker <bhaymaker@higbeeassociates.com> wrote:
Dear Mr. Krueger,

Under what name did your company register with DMCA. We will need to verify your registration. Please advise.

Thank you,

Brynne Haymaker
**bhaymaker@higbeeassociates.com**
Claims Resolution Specialist
Copyright Division

Claims Resolution Specialists are non-attorney staff members who assist attorneys in resolving copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Law Offices of Higbee & Associates ( **http://www.HigbeeAssociates.com** )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (657) 229 - 6210
Fax: (714) 597-6559


<images.png>


CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On Jun 19, 2020, at 7:50 AM, Brian Krueger <brian.j.krueger@gmail.com> wrote:

Hi Brynne,

As you can see, this post was made in 2013 by a member named Jordan Gaines. This user has deactivated their profile, and no further posts have been made by anyone on the site prior to 2016 when the DMCA switched from a paper based system to an electronic one.

Thank you for your time. All links to the infringing material have been removed and I apologize for any inconvenience.

-Brian


On Fri, Jun 19, 2020 at 10:40 AM Brynne Haymaker <bhaymaker@higbeeassociates.com> wrote:
Dear Mr. Krueger,

There is no record that your company is properly registered with the DMCA. Please provide the name you registered your company under. As you are aware, to qualify for DMCA protection, you must be registered before the time of infringement. Please also advise who the third party poster was of this image, since it does not appear to be posted by a third party on your website (which is another qualification for DMCA protection).

Thank you,

Brynne Haymaker
bhaymaker@higbeeassociates.com
Claims Resolution Specialist
Copyright Division

Claims Resolution Specialists are non-attorney staff members who assist attorneys in resolving copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Law Offices of Higbee & Associates ( http://www.HigbeeAssociates.com )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (657) 229 - 6210
Fax: (714) 597-6559


<images.png>

CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On Jun 18, 2020, at 3:38 PM, Brian Krueger <brian.j.krueger@gmail.com> wrote:

Hi Brynne,

As I'm sure you are aware, section 512(c) of the DMCA removes the liability for copyright infringement for websites that allow users to post content as long as there is a means for the copyright holder to request removal. I consider this your removal request and that this issue is resolved under the provisions of the DMCA.

Thank you,

-Brian


On Thu, Jun 18, 2020, 6:26 PM Brynne Haymaker <bhaymaker@higbeeassociates.com> wrote:

Dear Mr. Krueger,

I am the case manger assigned to manage the active Copyright infringement claim by Adlife Marketing & Communications Co. Inc. I am in receipt of your email sent to our infringements department. Please be advised that removing the image alone does not resolve this matter. Our client is seeking compensation for your unauthorized use. They have set the demand to $2,525 to resolve this claim outside of court.

This image is registered with the USCO under VA 2-019-412 (certificate attached below).

Please also be advised that we will not be contacting a third party for this claim. It is your responsibility to do your due diligence and secure the proper authorization to display images on your website. Please let me know how you will be resolving this matter to avoid further escalation of this claim. If you have an attorney that you would like me to speak with, please provide their full contact information and I will reach out to them. Thank you in advance and I look forward to hearing from you soon.

Thank you,

Brynne Haymaker
**bhaymaker@higbeeassociates.com**
Claims Resolution Specialist
Copyright Division

Claims Resolution Specialists are non-attorney staff members who assist attorneys in resolving copyright claims prior to litigation. All correspondence is reviewed by staff attorneys.

Law Offices of Higbee & Associates ( **http://www.HigbeeAssociates.com** )
1504 Brookhollow Dr. Suite 112, Santa Ana, CA. 92705
Phone: (657) 229 - 6210
Fax: (714) 597-6559

CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

From: Infringements Team <infringements@higbeeassociates.com>
Date: Thu, Jun 18, 2020 at 4:14 PM
Subject: Law Firm of Higbee & Associates Copyright Claim 555969
To: <brian.j.krueger@gmail.com>
Cc: <support@labspaces.net>

Good Afternoon,

This email is in regards to a copyright matter. Our client's image was used on your website. Please review the attached document and respond within 5 days of receiving this.

***This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. ***

Law Firm of Higbee & Associates (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
Phone: (714) 617-8911 ext. 3154 - Fax: (714) 597-6559