Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

*Attorney for Defendant,*
ADLIFE MARKETING & COMMUNIATIONS CO. INC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN J. KRUEGER,<br>  Plaintiff,<br>v.<br>ADLIFE MARKETING & COMMUNIATIONS CO. INC.,<br>  Defendant. | Case 2:20-cv-07083-VAP-PJW<br>*Hon. Virginia A. Phillips*<br>**NOTICE OF MOTION AND 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br>**Courtroom: 8A – 8th Floor**<br>**Hearing Time: 2:00 p.m.**<br>**Hearing Date: Nov. 23, 2020** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 23, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Virginia A. Phillips of the above-titled court, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Courtroom 8A, 8th Floor, Defendant Adlife Marketing & Communications Co., Inc. ("Adlife") will move to dismiss the Complaint filed by Plaintiff Brian J. Krueger ("Krueger") for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2).

Pursuant to Local Rule 7-3 counsel for the parties met and conferred on September 24, 2020. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶3.

This Motion is based on this Notice of Motion, the attached memorandum of

points and authorities, the declarations of Ryan E. Carreon, Joel Albrizio, Brynne Haymaker, and Theodore W. Sell in support, as well as the pleadings, files and other materials that are on file with the Court or may be presented at the hearing.

DATED: October 1, 2020                    Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Defendant*

**TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………………...1
   A. Adlife Is An Advertising And Marketing Company………………..1
   B. Brian J. Krueger Purports To Own And Operate LabSpaces……..2
   C. The Circumstances Giving Rise To This Lawsuit……………………2
   D. Krueger File Suit Asserting That The Central District of California Has Personal Jurisdiction Over Adlife……………………………….4
II. KRUEGER CANNOT ESTABLISH PERSONAL JURISDICTION OVER ADLIFE IN CALIFORNIA……………………………………………...4
   A. Krueger Cannot Establish General Jurisdiction In California……5
   B. Krueger Cannot Establish Specific Jurisdiction In California…….6
      1. *Krueger has not alleged that Adlife purposefully directed its contacts at California or the Central District*………………………7
      2. *Krueger has not alleged that its claims arise out of Adlife's contacts at California or the Central District*……………………..10
      3. *The exercise of personal jurisdiction over Adlife would not comport with fair play and substantial justice*……………………..11
   C. Krueger Cannot Establish Personal Jurisdiction Pursuant To 28 U.S.C. § 1400(a) Because It Is Merely A Venue Statute…………..12
III. ALLOWING JURISDICTIONAL DISCOVERY IS UNNECESSARY..13
IV. CONCLUSION……………………………………………………………….13

# TABLE OF AUTHORITIES

**CASES**

*Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 226-27 (8th Cir. 1987) .............. 13

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1068 (9th Cir. 2017) ........................................................................................................................ 7

*Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) .................................. 13

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) ............................................................................................................ 8

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) ...................................................................................................................... 6

*Calder v. Jones*, 465 U.S. 783 (1984) ....................................................................... 8

*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir. 1997) ................................................................ 12

*Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) .......................................... 4

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) ................................. 7

*Dole Food Co., Inc. v. Gutierrez*, 2004 WL 3737123, *3 (C.D. Cal. July 13, 2004) .................................................................................................................. 5

*Fitzgerald v. Wilson*, 39 Cal.App.4th 1419, 1425-26 (1995) .................................... 5

*Geo-Physical Maps, Inc. v. Toycraft Corp.,* 162 F. Supp. 141, 146 (S.D.N.Y. 1958) ..................................................................................................... 12

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984) ................................................................................................................ 5

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945) ......................................... 6

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) .................................................................................................................. 4, 8

*Microsoft Corp. v. Very Competitive Computer Prods. Corp.*, 671 F. Supp. 1250, 1256 (N.D.Cal. 1987) ........................................................................ 12

*Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001) ...................... 10

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) ........................................................................................................................ 7

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) ............ 8, 11

*Pilgrim v. GM Co.*, 408 F. Supp. 3d 1160, 1165 (C.D. Cal. 2019) ........................... 5

*Sawtelle v. Farrell*, 70 F.3d 1381, 1392 (1st Cir. 1995) ......................................... 12

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) .................................................................................................................. 7

*SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ...................................................... 4

*Trinity Indus. v. Myers & Assocs.*, 41 F.3d 229, 230 (5th Cir.) ............................... 12

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672-23 (9th Cir. 2012) ........................................................................................................ 7, 8, 11

*Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) .......................................................................................................... 13

*Werner v. Dowlatsingh*, 2018 U.S. Dist. LEXIS 163441, 2018 WL 6975142 at *18 (C.D. Cal. Sep. 17, 2018) ................................................................ 9

*Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) .................................................................................................................. 8

**STATUTES**

28 U.S.C. § 1400(a) .................................................................................................. 12

Cal. Civ. Proc. Code § 410.10 .................................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is an action seeking declaratory relief for non-infringement of a copyrighted photograph brought by Plaintiff Brian J. Krueger ("Krueger") against Adlife Marketing and Communications Co., Inc. ("Adlife").

### A. Adlife Is An Advertising And Marketing Company.

Defendant Adlife is a Rhode Island corporation with its principal place of business in Pawtucket, Rhode Island. Declaration of Joel Albrizio ("Albrizio Decl.") ¶3; Complaint ¶8.

Adlife is an advertising and marketing agency whose team of seasoned professionals has, for decades, provided elite branding services to its clientele. With its innovative marketing campaigns and its production of high quality printed pieces such as retail circulars, signage, pamphlets and more, Adlife enables its clients to build a brand through compelling visual arrangements. Albrizio Decl. ¶4.

For decades, Adlife has created, artistically arranged and professionally produced a library of still images of food and other grocery items. Adlife's library now consists of approximately 20,000 photos. Albrizio Decl. ¶5. These photographs are high-resolution, artistically rendered with pleasing angles and selective lighting, color-corrected and color-separated, which makes them particularly valuable as, when used together, they provide color consistency. Albrizio Decl. ¶6.

Adlife has licensed the rights to reproduce, distribute and publicly display its copyrighted photographs, through various means over the years. Albrizio Decl. ¶7. Currently, Adlife offers a monthly subscription service through the website www.preparedfoodphotos.com. Albrizio Decl. ¶7.

Adlife has never been a resident of California nor has it ever been incorporated in California. Albrizio Decl. ¶14. Adlife does not now own or lease, nor has Adlife ever owned or leased, real property in California. Albrizio Decl. ¶15.

Adlife does not use, possess or hold a mortgage or other lien on any real

property in the California, nor have it ever done so. Albrizio Decl. ¶16. Adlife does not now have, nor has Adlife ever had, an office in California. Albrizio Decl. ¶17. Adlife does not now have, nor has Adlife ever had, a bank account, mailing address, post office box, or telephone number in the California. Albrizio Decl. ¶18. Adlife has never been required to pay taxes in the California. Adlife does not have any assets or investments in California. Albrizio Decl. ¶19.

**B. Brian J. Krueger Purports To Own And Operate LabSpaces.**

Plaintiff Krueger is an individual who lives in Chapel Hill, North Carolina. Complaint ¶7. Kruger created and maintains an Internet platform called LabSpaces.net ("LabSpaces") which purports to be a forum to host and enable scientific discussion. Complaint ¶2. Krueger created LabSpaces in 2005, and in 2011 LabSpaces enabled a blogging platform. Complaint ¶23.

As recently as June 2020, the footer of LabSpaces © 2005-2020 LabSpaces Productions, LLC. Declaration of Ryan E. Carreon ("Carreon Decl."), ¶¶7-10, Exhibit B. Additionally, items posted to the blogging platform contain a disclaimer stating that the opinions and commentary contained "do not represent the views of LabSpaces Productions, LLC." Carreon Decl. ¶11, Exhibit B.

According to the Florida Secretary of State, Krueger formed LabSpaces Productions, LLC as a Florida limited liability company on May 19, 2011. Carreon Decl. ¶¶12-14, Exhibit C.

**C. The Circumstances Giving Rise To This Lawsuit.**

In June of 2020, Adlife became aware of a potentially unlicensed use of one of its photographs, a photograph of a variety of produce ("Photograph"), on LabSpaces. Albrizio Decl. ¶9; Carreon Decl. ¶4, Exhibit A.

Adlife's Photograph appeared in an article on LabSpaces dated January 4, 2013 titled "How stores trick our senses to make us buy more (Part 2 of 5: Sight)" ("Article"). Complaint ¶2, 15; Carreon Decl. ¶¶6-7, Exhibit B. The author of the Article was an individual named Jordan Gains. Carreon Decl." ¶16, 20, Exhibit A, D;

*see also* Dkt. #1-1 ("Complaint Exhibits"), p. 12 (Email from Krueger stating "As you can see, this post was made in 2013 by a member named Jordan Gaines."). Around the time the Article was posted in 2013, Gaines' profile page[1] on LabSpaces stated that Gaines was a student at Pennsylvania State University in Hershey, Pennsylvania. Carreon Decl. ¶¶19-21, Exhibit D.

The Article had been viewed approximately 7,910 times. Carreon Decl. ¶9, Exhibit B.

In June of 2020, Adlife became aware of the use of the Photograph in the Article on LabSpaces. Albrizio Decl. ¶9. Adlife did not have a record of a license to LabSpaces and instructed it counsel, Higbee & Associates, to send a letter requesting verification of a license. Albrizio Decl. ¶10; Complaint Exhibits, p. 2.

After the letter was sent, no license was provided and employees Brynne Haymaker and Theodore Sell of Higbee & Associates began negotiating with Krueger for payment of a retroactive license fee. Complaint, ¶¶3, 15; Complaint Exhibits, Exhibit A; Declaration of Brynne Haymaker ("Haymaker Decl.") ¶8; Declaration of Theodore W. Sell ("Sell Decl.") ¶8.

While Higbee & Associates is headquartered in Santa Ana, California, the firm also has offices and full-time employees located outside of Calfornia. Declaration of Brynne Haymaker ("Haymaker Decl.") ¶4; Declaration of Theodore

---

[1] Here, Adlife has requested that the Court take judicial notice of a copy of Gaines' 2013 profile on LabSpaces submitted as Exhibit D to the Carreon Declaration, which was obtained via the Internet Archive's WayBack Machine at www.archive.org. "Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[.]" *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015); *see also Pond Guy, Inc. v. Aquascape Designs, Inc.*, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014) ("As a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for the taking of judicial notice."); *Martins v. 3PD, Inc.*, 2013 WL 1320454, at *16 n.8 (D. Mass. Mar. 28, 2013) (taking judicial notice of "the various historical versions of a website available on the Internet Archive at Archive.org as facts readily determinable by resort to a source whose accuracy cannot reasonably be questioned"); *Foreword Magazine, Inc. v. OverDrive, Inc.*, 2011 WL 5169384, at *3 (W.D. Mich. Oct. 31, 2011) ("[T]he federal courts have recognized that Internet archive services, although representing a relatively new source of information, have sufficient indicia of reliability to support introduction of their contents into evidence, subject to challenge at trial for authenticity.").

W. Sell ("Sell Decl.") ¶4. Both Haymaker and Sell reside in Nevada and work out of Higbee & Associates office in Las Vegas. Haymaker Decl. ¶8; Sell Decl. ¶8. All of Haymaker and Sell's correspondence with Krueger took place from Nevada. Haymaker Decl. ¶9; Sell Decl. ¶9.

### D. Krueger File Suit Asserting That The Central District of California Has Personal Jurisdiction Over Adlife.

On August 6, 2020 Krueger filed a declaratory action against Adlife in the Central District of California. *See* Complaint. In the Complaint, Krueger alleges that the Central District has personal jurisdiction over Adlife because it "employed a California law firm, Higbee and Associates, as its agent to search the Internet for unauthorized uses of its photographs and to send demand letters and threats seeking to collect money from alleged infringers." Complaint ¶11. The Complaint also alleges that Venue is proper in the Central District is proper under 28 U.S.C. § 1400(a) because Adlife "and its agent, Higbee and Associates, may be found in this district." Complaint ¶12.

Adlife now moves this Court to dismiss the Complaint for lack of personal jurisdiction.

## II. KRUEGER CANNOT ESTABLISH PERSONAL JURISDICTION OVER ADLIFE IN CALIFORNIA

"In personam jurisdiction, simply stated, is the power of a court to enter judgment against a person." *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). In filing a complaint, the plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Where not directly controverted, the plaintiff's version of the facts is taken as true, however, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See Ibid*. California permits "[a] court of [the] state [to] exercise jurisdiction on any basis not

inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10.

"Due process permits the exercise of personal jurisdiction over a nonresident defendant in the following four situations: (1) where the defendant is domiciled in the forum state when the lawsuit is commenced; (2) where the defendant is personally served with process while physically present in the forum state; (3) where the defendant consents to jurisdiction; or (4) where the defendant has sufficient 'minimum contacts' with the forum state, such that the exercise of jurisdiction would not 'offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Gutierrez*, 2004 WL 3737123, *3 (C.D. Cal. July 13, 2004) (citing *Fitzgerald v. Wilson*, 39 Cal.App.4th 1419, 1425-26 (1995)). "With respect to the fourth situation, courts may exercise either: (1) general jurisdiction, which arises out of a defendant's 'continuous and systematic' contacts with the forum; or (2) specific jurisdiction, which arises where a defendant's specific contacts with the forum have given rise to the claim at issue." *Id*. (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)).

Here, Krueger cannot establish that the Court can properly exercise either general or personal jurisdiction over because Adlife is not 'at home' in California, nor do any specific contacts between Adlife and California give rise to any allegations in the Complaint that form the basis of this lawsuit.

**A.  Krueger Cannot Establish General Jurisdiction In California.**

"General jurisdiction" arises where the defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over it in all matters. *Pilgrim v. GM Co*., 408 F. Supp. 3d 1160, 1165 (C.D. Cal. 2019) (citations omitted)

The paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct.

1773, 1780 (2017) (citation and quotation omitted). A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *Ibid*. But only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State. *Ibid*.

Here, Krueger has not alleged, not can he cannot credibly argue, that Adlife's contacts with California are so "substantial" or "continuous and systematic" to justify the exercise of jurisdiction in the Central District. Adlife is a Rhode Island Corporation with a principal place of business in Pawtucket, Rhode Island. Albrizio Decl. ¶3; Complaint ¶8. Adlife has never been a resident of California nor has it ever been incorporated in California. Albrizio Decl. ¶14. Adlife does not now own or lease, nor has it ever owned or leased, real property in California. Albrizio Decl. ¶15.

Adlife does not use, possess or hold a mortgage or other lien on any real property in the California, nor have it ever done so. Albrizio Decl. ¶16. Adlife does not now have, nor has Adlife ever had, an office in California. Albrizio Decl. ¶17. Adlife does not now have, nor has Adlife ever had, a bank account, mailing address, post office box, or telephone number in the California. Albrizio Decl. ¶18. Adlife has never been required to pay taxes in the California. Adlife does not have any assets or investments in California. Albrizio Decl. ¶19.

Because Adlife cannot be said to be "at home" in California, the exercise of general jurisdiction would be improper.

**B.     Krueger Cannot Establish Specific Jurisdiction In California.**

Where a defendant is not subject to general jurisdiction, in order for the exercise of personal jurisdiction to be proper due process requires that a defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945) (internal quotation marks omitted).

In the Ninth Circuit due process analysis, the court conducts a three-part inquiry to determine whether a nonresident defendant has such "minimum contacts"

with the forum to warrant the court's exercise of specific jurisdiction:

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum";
>
> (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and
>
> (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

"If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). The plaintiff bears the burden to establish the first two prongs. *See Axiom*, 874 F.3d at 1068.

Here, Kruger cannot establish any of the three prongs required to show that the exercise of specific personal jurisdiction over Adlife would be proper in California.

### 1. *Krueger has not alleged that Adlife purposefully directed its contacts at California or the Central District.*

The first prong of the specific jurisdiction test is satisfied by demonstrating that the defendant either purposefully availed itself of the privilege of conducting activities in the forum, or purposefully directed its activities at the forum. *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672-23 (9th Cir. 2012). Although these two terms are sometimes used in shorthand fashion as a single concept, they "are, in fact, two distinct concepts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). A purposeful availment analysis is most often used in suits sounding in contract, while in tort cases, the court typically inquires "whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Ibid.* (citations and quotations omitted).

Claims related to copyright infringement generally fall under the "purposeful direction" analysis. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (Recordon committed an intentional act when it created and posted an elder law section on its website that infringed Brayton Purcell's copyright); *Wash. Shoe Co.*, 704 F.3d at 675 ("We have little difficulty finding that by intentionally engaging in the actual, physical acts of purchasing and selling the allegedly infringing boots, A-Z has clearly committed an "intentional act" within the meaning of the *Calder* test."); *Mavrix Photo,* 647 F.3d at 1229 ("There is no question that it acted intentionally reposting the allegedly infringing photos of Ferguson and Duhamel.")

The "purposeful direction" or "effects" test is based on *Calder v. Jones*, 465 U.S. 783 (1984). It "requires that the defendant . . . have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo*, 647 F.3d at 1228 (internal quotation marks omitted). Thus, courts may exercise personal jurisdiction over a defendant who engages in an intentional act that causes harm in the forum state, even if that act takes place outside of the forum state. *See Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) ("It is not required that a defendant be physically present or have physical contacts with the forum, so long as his efforts are 'purposefully directed' toward forum residents.").

Here, Krueger has not alleged, nor can it allege, that Adlife has engaged in any intentional act expressly aimed at California that caused harm to Krueger in California. Krueger's only allegations of California related conduct by Adlife is that Adlife "through its agent and counsel based in Santa Ana, California, has expressed an intention to commence litigation against [Krueger] over [Krueger]'s alleged infringement of the copyright in one of [Adlife]'s photographs;" that Adlife "employed a California law firm, Higbee and Associates, as its agent to search the

Internet for unauthorized uses of its photographs and to send demand letters and threats seeking to collect money from alleged infringers;" and that "[o]n information and belief, [Adlife] sells licenses for the use of its photographs to firms all over the United States, including in California." Complaint ¶11. However, these allegations, even taken as true, do not establish that Adlife purposefully directed its conduct at California.

First, while it is true that Adlife has retained Higbee & Associates to represent it in this matter, and that Higbee & Associates is has an office in California, the two Higbee & Associates employees who allegedly threatened litigation reside in Nevada and work out of Higbee & Associates' office in Las Vegas. Haymaker Decl. ¶¶8-9; Sell Decl. ¶¶8-9. Even so, Krueger does not allege that Adlife instructed Higbee & Associates to engage in any conduct on its behalf expressly aimed at California. Rather, as the Complaint itself alleges, all of the correspondence that preceded the lawsuit was directed exclusively at Krueger, a resident of North Carolina. *See* Complaint ¶7; Complaint Exhibits.

Second, the allegation that Adlife hires Higbee & Associates to search the Internet for unauthorized uses of its photographs and to send demand letters and threats seeking to collect money from alleged infringers similarly fails. Assuming this allegation to be true, Krueger does not allege that this conduct is in any way related to Krueger or his claims against Adlife, nor does Krueger allege that the search for infringements, sending of demand letters, and collecting of settlements is expressly aimed at residents of California as opposed to residents of other states, such as Krueger. *See Werner v. Dowlatsingh*, 2018 U.S. Dist. LEXIS 163441, 2018 WL 6975142 at *18 (C.D. Cal. Sep. 17, 2018) ("And even if Dowlatsingh hoped to increase his fan base while attending the VidCon conferences in California, there is no indication that Dowlatsingh targeted Californians in particular as opposed to VidCon attendees in general.").

Finally, the allegation that Adlife sells licenses in California also fails the

purposeful direction test. This allegation is made "on information and belief" and therefore does not need to be taken as true. Nonetheless, assuming that it was true, Krueger does not allege that Adlife purposefully and knowingly targeted the California market. Indeed, as Krueger alleges, Adlife sells licenses "to firms all over the United States." Complaint ¶11. That a resident of California may have licensed from Adlife does not, in and of itself, mean that Adlife has purposefully targeted California residents.

Thus, Krueger cannot establish the first prong of the personal jurisdiction analysis, that Adlife purposefully directed its contacts at California or the Central District.

### *2. Krueger has not alleged that its claims arise out of Adlife's contacts at California or the Central District.*

In determining whether a claims arises out of forum-related conduct, "the Ninth Circuit follows the 'but for' test." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Thus, Kruger must show that he would not have suffered an injury "but for" Adlife's forum-related conduct.

Here, not only do none of the acts alleged by Kruger satisfy the "but for" test, but Kruger has failed to allege *any* California related contacts by Adlife that gave rise to the claims at issue. Adlife is a Rhode Island corporation based in Rhode Island. Albrizio Decl. ¶3; Complaint ¶8. Kruger, who allegedly founded and operates LabSpaces, resides in North Carolina. Complaint ¶¶7, 23. The entity, LabSpaces Productions, LLC was formed as a Florida limited liability company by Krueger in 2011, and apparently owned and/or operated LabSpaces at the time the Article was posted. Carreon Decl. ¶¶7-10, 12-14, Exhibits B- C. In 2013, Jordan Gaines, a resident of Pennsylvania, posted the Article to LabSpaces that utilized Adlife's Photograph. Complaint ¶2; Carreon Decl." ¶16, 20, Exhibit A, D; *see also* Complaint Exhibits, p. 12.

These facts alone give rise to Kruger's Complaint, because Krueger seeks a declaration that Gaines' upload of Adlife's Photograph was non-infringing.

Nonetheless, to the extent that any Kruger's claims "arise out of" the post-upload conduct this too has nothing to do with any California related contacts of Adlife. In June 2020, two employees at Higbee & Assocaites' office in Las Vegas communicated with Kruger in North Carolina and attempted to negotiate a retroactive license fee once it became clear that the use of Adlife Photograph on LabSpaces was not licensed. Haymaker Decl. ¶¶8-9; Sell Decl. ¶¶8-9

In sum, Kruger has not alleged *any* California conduct related to the use of Adlife's Photograph which gave rise to this lawsuit.

### 3. The exercise of personal jurisdiction over Adlife would not comport with fair play and substantial justice.

To the extent that Kruger can satisfy the first two prongs of the specific jurisdiction test, the burden shifts to Adlife to demonstrate that the exercise of jurisdiction would be unreasonable. *Wash. Shoe Co.*, 704 F.3d at 672.

The seven relevant factors are:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Panavision Int'l*, 141 F.3d at 1322.

Adlife would submit that none of these factors weigh in favor of the exercise of personal jurisdiction. As stated, Adlife has little to no contacts with California related to this lawsuit. The burden on Adlife to defend this matter in California would be great, as not only would its witnesses be subjected to court proceedings and discovery matters in California, but it would also be responsible for the added costs of travel and lodging for its California based counsel to travel to North Carolina for depositions. Because both Krueger and Adlife are not residents of California and because the conduct giving rise to this lawsuit has little to no relation to California or the Central District, California has little interest in adjudicating this dispute.

Thus, the exercise of personal jurisdiction over Adlife would not comport

with fair play and substantial justice.

### C. Krueger Cannot Establish Personal Jurisdiction Pursuant To 28 U.S.C. § 1400(a) Because It Is Merely A Venue Statute.

28 U.S.C. § 1400(a) states that a civil suit related to copyright "may be instituted in the district in which the defendant or his agent resides or may be found." In the pre filing meet and confer between counsel, counsel for Krueger stated that he would rely, in part, on 1400(a) to establish personal jurisdiction over Adlife because Higbee & Associates was acting as Adlife's "agent" and has offices in California. This argument is flawed.

The Ninth Circuit has interpreted § 1400(a) to mean that venue "is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir. 1997), *overruled on other grounds by Feltner v. Columbia Pictures Television*, 523 U.S. 340, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (1998). In other words, the plaintiff attempting to invoke § 1400(a) must still satisfy the personal jurisdiction inquiry. *See Microsoft Corp. v. Very Competitive Computer Prods. Corp.*, 671 F. Supp. 1250, 1256 (N.D.Cal. 1987) (For purposes of this statute, a defendant is "found" wherever personal jurisdiction over him is proper.); *Geo-Physical Maps, Inc. v. Toycraft Corp.*, 162 F. Supp. 141, 146 (S.D.N.Y. 1958) ("Section 1400(a) relates to venue and not to jurisdiction over the person.").

Here, Adlife's retention of Higbee & Associates alone is not sufficient to confer personal jurisdiction over Adlife in California. *See Trinity Indus. v. Myers & Assocs.*, 41 F.3d 229, 230 (5th Cir.) ("The bare existence of an attorney-client relationship is not sufficient" to establish the requisite minimum contacts necessary for personal jurisdiction); *Sawtelle v. Farrell*, 70 F.3d 1381, 1392 (1st Cir. 1995) ("The mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the non-resident in the forum state; more is required."); *Austad Co. v. Pennie & Edmonds*,

823 F.2d 223, 226-27 (8th Cir. 1987) (law firm did not purposefully avail itself of the benefits and protections of South Dakota law when its "only 'substantial connection' with South Dakota was its representation of a South Dakota corporation in connection with litigation taking place wholly outside South Dakota.").

Thus, Krueger cannot rely on § 1400(a) to establish personal jurisdiction over Adlife in California.

### III. ALLOWING JURISDICTIONAL DISCOVERY IS UNNECESSARY

Finally, to the extent Krueger requests that the Court grant him leave to conduct jurisdictional discovery, that request should be denied.

Denial of jurisdictional discovery "is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977), or when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

Here, as demonstrated above, it is clear that none of the factual allegations that gave rise to this lawsuit occurred or are related to California. Because there is little to no ambiguity as to the jurisdiction related facts, allowing jurisdictional discovery would be futile and thus should not be permitted.

### IV. CONCLUSION

Defendant Adlife Marketing & Communications Co., Inc. respectfully requests that it be dismissed from this lawsuit for lack of personal jurisdiction.

DATED: October 1, 2020                  Respectfully submitted,

                                              **/s/ Ryan E. Carreon**
                                              Ryan E. Carreon, Esq.
                                              Cal. Bar No. 311668
                                              **HIGBEE & ASSOCIATES**
                                              1504 Brookhollow Dr., Ste 112
                                              Santa Ana, CA 92705-5418
                                              (714) 617-8336
                                              (714) 597-6559 facsimile
                                              *Counsel for Defendant*

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On October 1, 2020, I caused to be served the foregoing documents:

**NOTICE OF MOTION AND MOTION TO DISMISS THE COUNTERCLAIMS; DECLARATION OF RYAN E. CARREON; DECLARATION OF JOEL ALBRIZIO; DECLARATION OF BRYNNE HAYMAKER; DECLARATION TO THEODORE SELL; PROPOSED ORDER**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

Paul Robert Malone pmalone@law.stanford.edu

Jeffrey Theodore Pearlman jef@law.usc.edu

Paul Alan Levy plevy@citizen.org

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 1, 2020, at Santa Ana, California.

*/s/ Ryan E. Carreon*
Ryan E. Carreon, Esq.
*Counsel for Plaintiff*