**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Brian J. Krueger,<br><br>   Plaintiff,<br><br>   v.<br><br>Adlife Marketing and<br><br>Communications Co., Inc.,<br><br>   Defendant. | 2:20-cv-07083-VAP-PJWx<br><br>**Order GRANTING Motion to Dismiss and DENYING Motion for Leave to Seek Discovery of Facts Supporting Personal Jurisdiction (Dkts. 17, 20).** |

Defendant Adlife Marketing and Communications Co., Inc. ("Adlife") filed a Motion to Dismiss Plaintiff Brian J. Krueger's ("Krueger") Complaint for lack of personal jurisdiction. (Dkt. 17.) Krueger subsequently filed a Motion for Leave to Seek Discovery of Facts Supporting Personal Jurisdiction. (Dkt. 20.) The Court deems the Motions suitable for resolution without oral argument pursuant to Local Rule 7-15. After considering all papers filed in connection to the Motions, the Court GRANTS the Motion to Dismiss and DENIES the Motion for Leave to Seek Discovery of Facts Supporting Personal Jurisdiction.

## I. BACKGROUND

Plaintiff Krueger, a resident of North Carolina, is the creator and operator of LabSpaces.net, a forum for science-related discussion. (Compl.

¶ 7, 13.) In 2013, a user posted a deeplink[1] to a photograph of produce (the "Photograph") to the forum. (*Id.* ¶ 15.) The copyright to the Photograph is held by Defendant Adlife Marketing and Communications Co., Inc. ("Adlife), a Rhode Island corporation. (*Id.* ¶ 8, 17.) Krueger was unaware of this link until June 2020, when he was contacted by Higbee and Associates ("Higbee firm"), a California-based national law firm retained by Adlife. (*Id.* ¶ 18; *see* Dkt. 22-3.) An employee of the Higbee firm first sent a letter to Krueger on June 18, 2020 requesting that he provide proof of a license to use the Photograph. (Compl. Ex. A.) Subsequently, Krueger was put in contact with two other Higbee firm employees, based in Nevada, regarding the alleged infringement. (Dkt. 22-3; Dkt. 22-4.) Although Krueger explained, *inter alia*, that he was not responsible for the deeplink and the deeplink was nonetheless a fair use of the Photograph, the employees requested payment and threatened litigation. (*Id.* ¶¶ 22–23, Ex. A.) As Adlife has not withdrawn its threat to sue for copyright infringement, Krueger sought relief from the Court. (*Id.* ¶¶ 24–25.) On August 6, 2020, Krueger filed his Complaint seeking declaratory relief that he did not infringe on Adlife's copyright.

On October 10, 2020, Adlife filed a Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss"). (Dkt. 17.) Krueger filed an Opposition to the Motion to Dismiss (Dkt. 21) and filed a Motion for Leave to Seek Discovery of Facts Supporting Personal Jurisdiction ("Motion for Discovery")

---

[1] As defined by Plaintiff, "[a] deeplink is a hyperlink to another web site that allows viewers of the forum to see the photograph within the forum by 'pulling the image directly from the non-LabSpaces server where it is hosted, so that it is displayed to the viewers' personal devices." (Compl. ¶ 16.)

(Dkt. 20).  Adlife subsequently filed an Opposition to the Motion for Discovery.  (Dkt. 22.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction.  In order to exercise personal jurisdiction over a nonresident defendant, a district court must determine that asserting jurisdiction does not offend the principles of Fifth Amendment due process. *Doe I v. Unocal Corp.*, 248 F.3d 915, 922–23 (9th Cir. 2001) (citing *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1413 (9th Cir. 1989)).  "In addition, the state long-arm statute must be applied to determine the defendant's amenability to suit in the forum." *Pacific Atlantic Trading Co., Inc. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985) (citations omitted).

The applicable California jurisdictional statute, California Code of Civil Procedure Section 410.10, states that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  The jurisdiction of California courts has been construed to be "coextensive with the outer limits of due process" as defined by the United States Supreme Court.  *Data Disc v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1286 (9th Cir. 1977).  "As a result, jurisdictional inquiries under the state statute and due process principles can be conducted as a single analysis." *Pacific Atlantic Trading Co., Inc.*, 758 F.2d at 1327 (citations omitted).

Due process requires that nonresident defendants have certain "minimum contacts" with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

A court may exercise personal jurisdiction over a nonresident defendant generally or specifically. *Doe v. American National Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). Specific jurisdiction exists when the cause of action arises out of the defendant's activities within the forum. *Data Disc*, 557 F.2d at 1287. Alternatively, a court has general jurisdiction when the defendant's activities within a state are "substantial, continuous and systematic." *Unocal Corp.*, 248 F.3d at 923.

"Where a defendant challenges the sufficiency of personal jurisdiction, the plaintiff must bear the burden of establishing that the court does have jurisdiction." *Cubbage v. Merchant*, 744 F.2d 665, 667 (9th Cir. 1984). If the court acts on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). A plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant.

4

*Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (stating that where the trial court rules on a jurisdictional issue based on affidavits and discovery materials without holding an evidentiary hearing, the plaintiff need only make prima facie showing). While factual disputes are generally resolved in the plaintiff's favor, allegations in a pleading that are contradicted by affidavit are not assumed to be true. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

### III. DISCUSSION

#### A. Specific Jurisdiction

As Krueger does not claim that the Court has general jurisdiction over Adlife, the Court analyzes specific jurisdiction alone. A court's exercise of specific jurisdiction is proper under the following circumstances:

(1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum;"

(2) "the claim must be one which arises out of or relates to the defendant's forum-related activities;" and

(3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

Under the first prong, courts apply either a "purposeful direction" or "purposeful availment test." Under the purposeful availment analysis, the

defendant's contacts must create a "substantial connection" with the forum state such that the defendant can be said to have manifestly "availed himself of the privilege of conducting business there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). The purposeful direction test asks instead whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum, and (3) caused harm that the defendant knew to be likely suffered in the forum. *Dole*, 303 F.3d at 1111 (citing *Calder v. Jones*, 465 U.S. 783, 788-89 (1984)). Typically, courts apply the purposeful direction test to claims arising out of tort and the purposeful availment test to those arising out of contract. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Here, the parties dispute which test is appropriate where the Complaint seeks a declaration of non-infringement.

In matters seeking a declaratory judgment of non-infringement, courts most often apply the purposeful direction test. *PokitDok, Inc. v. Martin*, No. C 12-3947 SI, 2012 WL 5425615, at *3 (N.D. Cal. Nov. 6, 2012); *cf. Deal Point Trading v. Standard Process, Inc.*, No. 319CV01926 WQ (HAGSx), 2020 WL 6106617, at *3 (S.D. Cal. Apr. 20, 2020). The Ninth Circuit, however, has instructed that "our cases do not impose a rigid dividing line between these two types of claims. . . . At bottom, both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction' solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Global Commodities Trading Grp. v. Beneficio de Arroz Choloma*, 972 F.3d 1101, 1107 (9th Cir. 2020) (quoting *Burger King*, 471 U.S. at 474-75). Accordingly, the Court will apply both tests in turn.

6

Krueger's purposeful availment argument centers on the existence of an agency relationship between Adlife and the Higbee firm related to the enforcement of Adlife's copyrights. According to Krueger, that agency relationship requires the Court to impute the Higbee firm's California contacts to Adlife. (*See* Dkt. 21 at 11–13.) The Supreme Court has limited use of agency theories to exercise general jurisdiction but noted that "[a]gency relationships… may be relevant to the existence of *specific* jurisdiction." *Daimler v. AG Bauman*, 571 U.S. 117, 135 n.13 (2014) (emphasis in original).

The Ninth Circuit addressed the use of agency principles in the specific jurisdiction context in *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015 (9th Cir. 2017). Although the Ninth Circuit determined that *Daimler* does not preclude the availability of an agency theory of specific jurisdiction, it did not decide whether that theory was proper. The Circuit instead found that the requirements for agency were not met in that case "[a]ssuming . . . that some standard of agency continues to be 'relevant to the existence of specific jurisdiction.'" *Id.* at 1024.

Assuming without deciding that agency principles are properly applied here, and that an agency relationship exists between the Higbee firm and Adlife, the Higbee firm's conduct in relation to this litigation must demonstrate that Adlife "purposefully avail[ed]" itself of the "privilege of conducting activities in [California], thereby invoking the benefits and protections of its laws." *Schwarzenegger,* 374 F.3d at 802. Krueger cites

*Sher v. Johnson*, a case in which the Ninth Circuit found that the principal, a law partnership, purposefully availed itself of the forum via an agent, one of its partners. 911 F.2d 1357 (9th Cir. 1990). There, the Court considered the course of dealing related to the partnership's prior representation of the plaintiffs, from which plaintiffs' malpractice claims arose. *Id.* at 1362. In addition to trips to California and correspondence with the California-based plaintiffs—which were independently insufficient to confer jurisdiction—the Court found particularly significant a deed executed in California by plaintiffs on behalf of the partnership and at the partnership's request. *Id.* at 1363. The deed "contemplated significant future consequences" in California, specifically "filing in the California recorder's office; . . . application of California law; . . . [and] the action of a California court." *Id.*

Also instructive here is the Fourth Circuit's reasoning in *Mitrano v. Hawes*, 377 F.3d 402 (4th Cir. 2004), a breach of contract case arising from an attorney's prosecution of a lawsuit on behalf of his client. The attorney's contacts with Virginia, the forum state, were imputed to the client under agency principles. *Id.* at 408. The Court found sufficient that the client knew the underlying lawsuit was filed in Virginia and "[the client's] knowing continuation of the suit in Virginia demonstrate[d] that his availment of Virginia's legal protections was purposeful." *Id.*

The facts here do not demonstrate the level of availment present in *Sher* or *Mitrano*. In those cases, the agent invoked the protections and benefits of the state by availing itself of the forum's legal or administrative systems. Taking Krueger's uncontroverted assertions as true, the Higbee

8

firm's California contacts related to the present matter consist only of a reverse image search that discovered Krueger's alleged infringement and the dispatch of a demand letter to Krueger.[2] Krueger does not offer any authority that a reverse image search would invoke the benefits or protection of California, and "use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state," unless it creates some substantial connection there. *See Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985); *Perzow v. Hogeg*, 826 F. App'x 615, 617 (9th Cir. 2020) (same). Here, the letter sent to Krueger, a resident of North Carolina, requesting verification of a license to use Adlife's Photograph, suggests no connection to California—it does not seek its legal protections or threaten suit here.[3] (Compl. ¶ 7, Ex. A.) That the remaining communications

---

[2] To the extent the representation agreement between Adlife and the Higbee firm is relevant, an agreement does not automatically constitute purposeful availment unless it envisions a substantial connection with the forum state. *See Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (finding no personal availment where the performance of the contract did not "require the Defendants to engage in any substantial business in California."). Here, the representation agreement provided by Krueger, which Adlife does not contest the authenticity of, does not contemplate performance in California—the only reference to California is the mailing address for the Higbee firm. (*See* Dkt. 20-1 Ex. A.) While performance in California could be implied where the copyright infringer is also located in California, that is not the case here.

[3] Krueger has not provided, and the Court is not aware of, any authority finding a cease and desist letter—assuming the letter here is one—sent *from* the forum a sufficient contact with the forum for purposes of specific jurisdiction. *See Notorious B.I.G. LLC v. Hutson*, No. CV1402415 SJO (JCx), 2014 WL 12589626, at *5 (C.D. Cal. July 3, 2014) (rejecting plaintiff's argument that "Defendant's decision to retain a California attorney who sent the first cease-and-desist letter is, in itself enough to establish personal jurisdiction") (internal quotations omitted).

between Krueger and the Higbee firm were sent from Nevada, and not California, strongly suggests that the location of the employees in this matter was the sort of "random, fortuitous, or attenuated" contact with a forum that the Court should not rely on in determining jurisdiction, (Compl. Ex. A; Dkt. 22-3 ¶ 4–9; Dkt. 22-4 ¶¶ 4–9). *See Walden v. Fiore*, 571 U.S. 277, 286 ("[D]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State") (internal quotation marks omitted).

In addition to the conduct described above, Krueger asserts, *inter alia*, that the California-based Higbee firm searched the internet for unauthorized uses of Adlife's photos, sent letters on Adlife's behalf to parties seeking payment for unauthorized uses of Adlife's photographs, and filed at least three copyright infringement suits in California on behalf of Adlife. (Dkt. 21 at 12–13.) This conduct is not relevant to the personal jurisdiction

---

Most courts that have considered a cease and desist letter for purposes of jurisdiction focused on where the letter was sent to, *i.e.* the plaintiff's state of residence, as part of a purposeful direction analysis. *See, e.g.*, *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1337 (Fed. Cir. 2008). Even in such cases, courts in this Circuit will not find a cease and desist letter sufficient for personal jurisdiction where it is not abusive, tortious, or wrongful. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006). In *Yahoo!*, the Ninth Circuit reasoned that to do so would require defendants to defend claims in whichever forum the plaintiff resides in and would thus provide a negative incentive for cease and desist letters. *Id.* Although in *Yahoo!* the forum was the location from where the letter was sent, the Court still finds relevant the Circuit's reluctance to exercise jurisdiction based on an ordinary cease and desist letter—to do so here would subject a defendant to jurisdiction in the forum its law firm opted to send such a letter from.

analysis in this matter.[4]  *See Drayton v. Eastlink Prods.*, 2018 WL 5266870, at *7 (C.D. Cal. Mar. 20, 2018) ("Even if Defendants' alleged contacts constituted purposeful availment, none of these contacts are related to the current suit."); *cf. Avocent*, 552 F.3d at 1337  ("A patentee's efforts to license or enforce its patent against *unrelated parties* in the forum state do not proximately cause a declaratory judgment suit for non-infringement, invalidity and/or unenforceability, nor are these activities a 'but for' cause of such a suit.") (emphasis added).  What is needed, but is absent here, "is a connection between the forum and the *specific claims at issue*."  Infinite

---

[4] Adlife contends that Krueger's claim arises not from the Higbee firm's enforcement activities related to Krueger's alleged infringement but from the underlying copyright infringement.  As the Ninth Circuit does not appear to have considered this issue, the Court looks to other authorities.  In the patent context, the Federal Circuit has held that as "the nature of the claim in a declaratory judgment action is to clear the air of infringement charges," the claim arises from the activities of the defendant in enforcing its patent rights.  *Avocent*, 552 F.3d at 1332 (internal quotations omitted).  Courts have extended this rationale to declaratory judgment actions in the trademark and copyright context.  *See Mike's Novelties, Inc. v. Grav, Inc.*, No. CV180910 MWF (AGRx), 2018 WL 5094959, at *3 (C.D. Cal. May 9, 2018) (determining in a trademark non-infringement case that "it was the cease and desist notice and phone call that gave rise to [the] lawsuit"); *PokitDok,* 2012 WL 5425615, at *3 (considering cease and desist letter as basis for personal jurisdiction in declaratory judgment action related to alleged copyright infringement); *Want2Scrap, LLC v. Larsen*, No. 17-CV-443, 2018 WL 1762853, at *8 (N.D. Ind. Apr. 9, 2018) ("The contacts relevant to personal jurisdiction for a claim of declaratory judgment of noninfringement are based on the defendant's conduct that gives rise to the plaintiff's claim, specifically the defendant's enforcement activity, not its business activity.")  The Fifth Circuit reached a different conclusion in *Ham v. La Cienega Music Co.*, 4 F.3d 413 (5th Cir. 1993).  There the Court found that a demand letter "although it forms the basis for [plaintiff's] allegations about the existence of a live controversy, in no way relates to the merits of the copyright question and thus does not support personal jurisdiction in [the forum]."  *Id.* at 416.  The Court, however, opts to follow the courts in this district that have determined that declaratory judgment claims in intellectual property cases arise from enforcement activity.

*Peripherals, Inc. v. Custom S.P.A.*, No. 819CV01983 DOC (JDEx), 2020 WL 5045315, at *5 (C.D. Cal. Apr. 10, 2020) (quoting *Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1776 (2017)). Additionally, if the Court were to consider the unrelated actions of the Higbee firm on behalf of Adlife, it would be akin to an assessment of general jurisdiction, to which agency principles do not apply. See *Williams*, 851 F.3d at 1022.

As Krueger is unable to demonstrate purposeful availment, the Court considers whether he has met the purposeful direction test typically applied to non-infringement cases. The purposeful direction test asks whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum, and (3) caused harm that the defendant knew to be likely to be suffered in the forum. *Dole*, 303 F.3d at 1111 (citing *Calder*, 465 U.S. at 788-89). Krueger has not satisfied this test; he does not allege that any harm was suffered, or was even likely to be suffered, in the forum. Accordingly, Krueger has not met its burden of demonstrating that the Court has jurisdiction over Adlife.

### B. Jurisdictional Discovery

Krueger requests in its Motion for Discovery that if the Court is inclined to grant the Motion to Dismiss, the Court first permit Krueger the opportunity to seek jurisdictional discovery. "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "[W]hen it is clear that further discovery would not demonstrate facts

sufficient to constitute a basis for jurisdiction," a court does not abuse its discretion in denying the request. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

The Court determined above that the Higbee firm's relevant contacts with the forum, even if imputed to Adlife, do not constitute purposeful availment of California. Thus, for jurisdictional discovery to be warranted, the discovery requested must provide facts that would demonstrate purposeful availment. The Court has reviewed the topics Krueger seeks discovery on and finds no appropriate basis for jurisdictional discovery. (Dkt. 24-1 Ex. H.) First, the requests that are related to the present matter do not seek to establish further contacts between the Higbee firm and California.[5] Many of these requests are focused on whether Adlife directed the Higbee firm's California employees, but actions taken by those employees are nonetheless insufficient to show purposeful availment.[6]

---

[5] To the extent Krueger seeks to show that the communications sent from Adlife's Nevada offices constitute contacts with California because the Higbee firm is based in California, this connection is too attenuated to support jurisdiction. *See Castillo v. Caesars Entm't Corp.*, No. 18-CV-05781-EMC, 2018 WL 6199682, at *4 (N.D. Cal. Nov. 28, 2018) ("The fact that [the alleged agent's] corporate headquarters are in California neither informed nor influenced any aspect of this litigation; the location of [the agent's] headquarters is merely a happenstance."). Krueger's argument that he needs discovery to confirm that those letters were in fact sent from Nevada is also without merit where Adlife has submitted affidavits establishing those facts. (Dkt. 20 at 4.)

[6] As stated above, communications between California employees of the Higbee firm and Adlife would not be sufficient to confer jurisdiction.

13

Second, Krueger's remaining requests regarding conduct of the Higbee firm and Adlife related to other alleged copyright infringers are overbroad. (*Id.*) For example, Krueger seeks discovery on actions the Higbee firm has taken "beyond seeking retroactive license payments, sending demands and legal threats, and litigating cases." (*Id.*) It is possible that this request might uncover additional forum-related conduct by the Higbee firm relevant to Krueger. Krueger, however, provides no basis for its contention that such other relevant conduct occurred; the Court has already considered the facts related to the Higbee firm's discovery of Krueger's alleged infringement as well as its subsequent correspondence with Krueger regarding the infringement. *See Johnson v. Mitchell*, No. CIV S-10-1968 GEB, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012) ("[L]imited discovery should not be permitted to conduct a 'fishing expedition.'") (citation omitted). Accordingly, the Court DENIES Krueger's Motion for Discovery.

### C. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." When considering whether to grant leave to amend pleadings, "a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, leave to amend should be denied only when allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

When dismissing a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Eldridge v. Block*, 832 F.2d 1132, 1130 (9th Cir. 1987) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)).  Here, the Court lacks jurisdiction over Adlife.  As discussed above, the additional discovery Krueger seeks would not alter that determination.  Accordingly, leave to amend would be futile as Krueger cannot allege facts that would support personal jurisdiction in this matter. *See Rongxiang Xu v. Nobel Assembly at Karolinska Institutet*, No. SACV 13-320 JLS (ANx), 2013 WL 9760036, at *8 (C.D. Cal. Nov. 20, 2013) ("As the Court finds further jurisdictional discovery would be inappropriate, granting leave to amend would be futile.").

## IV. CONCLUSION

The Court therefore GRANTS Defendant's Motion to Dismiss without prejudice and DENIES Plaintiff's Motion for Discovery.

**IT IS SO ORDERED.**

Dated: 12/10/20

Virginia A. Phillips
United States District Judge

15